**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


ANDY BUXTON,                            )
                          Petitioner,   )
                                        )
        vs.                             )        Civil Action No. 17-594
                                        )        Judge David Stewart Cercone/
COMMONWEALTH OF                         )        Chief Magistrate Judge Maureen P. Kelly
PENNSYLVANIA;  THE ATTORNEY             )
GENERAL OF THE STATE OF                 )
PENNSYLVANIA,                           )
                                        )
                          Respondents.  )


## REPORT AND RECOMMENDATION


### I. RECOMMENDATION

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody (the "Petition"), ECF No. 2, be stayed pending the exhaustion

of Petitioner's state court remedies. It is further respectfully recommended that, to the extent one is

needed, a certificate of appealability be denied.

### II. REPORT

#### A. Relevant Procedural History

Andy Buxton ("Petitioner") has filed the Petition seeking to attack his conviction obtained

in the Court of Common Pleas of Allegheny County.  Commonwealth v. Buxton,  CP-02-CR-

0001413-2013 (CCP Allegheny County).  We take judicial notice of the dockets in Petitioner's

criminal case.[1]  Those dockets reveal that Petitioner had a currently pending second Post

Conviction Relief Act ("PCRA") Petition in that court.  Because he had a currently pending

second PCRA Petition in state court, we issued an Order to Show Cause why the Petition in this

Court should not be stayed pending the outcome of his currently pending second PCRA Petition.

ECF No. 3.  Petitioner filed his Response to the Order to Show Cause (the "Response").  ECF No.

4.

In the Response, Petitioner argues that his "resort to the state procedures [are] in effect

unavailable."  ECF No. 4 at 1.  We note that Judge Anthony Mariani of the Court of Common

Pleas of Allegheny County, on May 2, 2017, issued a Notice of Intent to Dismiss the second

PCRA Petition as untimely filed. ECF No. 4-1.  Petitioner, through counsel, filed a Response to

the Notice of Intention to Dismiss, on May 15, 2017.  On May 17, 2017, Judge Mariani issued an

order denying the Response to the Notice of Intention to Dismiss.

In Petitioner's Response to the Order to Show Cause, Petitioner also argues that time is of

the essence and the fundamental miscarriage of justice, apparently caused by his allegedly

erroneous conviction "needs to be addressed immediately."  ECF No. 4 at 1.

Because Petitioner has not exhausted his state court remedies, given that he may yet be able

to file an appeal in the second PCRA Petition proceedings, the present Petition should be stayed

pending his exhaustion of state court remedies.

---

[1]  The dockets in Petitioner's criminal case are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0001413-2013

(site last visited 5/30/2017).

### B. Applicable Legal Principles - Exhaustion Requirement

#### 1. Rule 4 pre-service screening

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition should be stayed before the Petition is served because Petitioner has failed to exhaust his state court remedies given that he has a currently pending second PCRA petition in the state courts. <u>See</u>, <u>e.g.</u>, <u>Tyree v. Lindsay</u>, No. CIV.A. 1:06-CV-0112, 2007 WL 3231802, at *1 (M.D. Pa. Oct. 31, 2007) ("Upon conducting our preliminary review of the above-captioned Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254, on February 17, 2006, we issued a Report and Recommendation (Doc. 8) and recommended that this case be stayed pending the Petitioner's exhaustion of the available state court remedies with respect to his Constitutional claims.").

#### 2. Exhaustion of state court remedies is required.

Congress has provided in 28 U.S.C. § 2254 that

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
   (A) the applicant has exhausted the remedies available in the courts of the State;

. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this Court must analyze the question of whether Petitioner has exhausted his state remedies.

Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the Petitioner's burden to prove that he has met the exhaustion requirement. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a state prisoner, seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations and a petitioner fails to show "good cause" as to why he did not exhaust, the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Rose v. Lundy, 455 U.S. 509 (1982), *modified by*, Rhines v. Weber, 544 U.S. 269 (2005); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). However, if there is a potential issue with the AEDPA statute of limitations, the more prudent route is to stay the habeas

petition while the petitioner exhausts state court remedies.  See, e.g., Crews v. Horn, 360 F.3d 146, 152 (3d Cir. 2004) ("while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'") (some internal quotations omitted).

### C.  Discussion

Petitioner presently has a second PCRA Petition pending in the state courts.

Because it may yet be possible for Petitioner to file an appeal to the Pennsylvania Superior Court to contest the ruling of the Court of Common Pleas and Petitioner may yet receive some relief from his state court conviction, and the federal habeas doctrine of exhaustion requires him to file such an appeal,[5] this Petition should be stayed until after state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief.  We recommend staying rather than dismissal because it appears that there may be an issue of the timeliness of the Petition in this Court given that the second PCRA Petition was held to be untimely filed under state law.  Crews.  See also Rose v. Lundy, 455 U.S. at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage

---

[5] See, e.g., Buxton v. Pennsylvania, 398 F. App'x 704, 706 (3d Cir. 2010) ("To satisfy the exhaustion requirement, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added). Accordingly, it is recommended that the Petition be stayed pending the exhaustion of Petitioner's state court remedies in the second PCRA proceedings.

We do not find that Petitioner has established any reason to excuse his compliance with the exhaustion requirement. The mere fact that the state trial court has found the second PCRA Petition to be untimely filed does not mean that the state court remedies are unavailable to Petitioner any more so than if the state courts had denied his second PCRA Petition on the merits. See, e.g., Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001) ("we note that our case law forecloses a District Court from excusing exhaustion 'unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court.' Thus, in cases where there is any doubt about the availability of a state remedy, the claim must be dismissed.") (*quoting* Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000)).

### D. Certificate of Appealability

To the extent that Petitioner would seek to file an appeal to the United States Court of Appeals for the Third Circuit from the order staying the case, and to the extent that a Certificate of Appealability would be required, it is recommended that a Certificate of Appealability be denied because jurists of reason would not find it debatable that staying this case pending the exhaustion of state court remedies is correct.

## III. CONCLUSION

It is respectfully recommended that the Petition be stayed pending Petitioner's exhaustion of state court remedies. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted:

Date: May 30, 2017

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable David Stewart Cercone
        United States District Judge

        ANDY BUXTON
        MS1885
        SCI MERCER
        801 Butler Pike
        Mercer, PA 16137