# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON,<br>                Petitioner,<br><br>    vs.<br><br>THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; BRIAN H. THOMPSON, Superintendent of SCI-Mercer; and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>                Respondents. | Civil Action No. 17-594<br>District Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly |

## **MEMORADUM ORDER**

Andy Buxton ("Petitioner") has filed an Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition"), ECF No. 10, seeking to attack his state court convictions of aggravated assault, resisting arrest, and disorderly conduct in connection with his injuring of a police officer.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 32, filed on October 18, 2019, recommended that the Amended Petition be dismissed and that a certificate of appealability be denied. Petitioner was informed that he could file Objections to the Report by November 1, 2019. Petitioner filed his Objections timely pursuant to the prisoner mail box rule as the post mark date shows a post mark of October 31, 2019. However, there appeared to be missing pages in the Objections. Accordingly, the Court ordered Petitioner to rectify the missing pages. ECF No. 35. Petitioner complied, filing a complete set of Objections. ECF No. 36.

The Objections do not require rejection of the Report and Recommendation.

The fundamental error in Petitioner's Objections is that he reads the state court record in the light most favorable to himself instead of in the light most favorable to the Commonwealth as the verdict winner. We are not permitted to read the record in that manner. See Jackson v. Virginia, 443 U.S. 307, 326 (1979) ("a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."); Farnsworth v. Edwards, 947 F.2d 948 (Table), 1991 WL 218007, at *2 (7th Cir.1991) ("This court must review a habeas corpus petition by construing the evidence in the light most favorable to the government.").

That the victim police officer may have had a pre-existing injury of osteoarthritis does not render Petitioner innocent of the aggravated assault of the police officer, as Petitioner seemingly contends. The Report correctly found that the medical evidence was more than sufficient to support a finding that Petitioner caused the police officer victim bodily injury in the form of a shoulder sprain due to a ligament tear. ECF No. 32 at 12 – 13. Moreover, Petitioner fails to account for the fact that the police officer testified to experiencing great pain as a result of Petitioner's behavior. As the Report notes, this also was sufficient evidence to sustain an aggravated assault conviction. Id. at 21 - 22 ("This is because under Pennsylvania state law, the police officer victim's testimony that he suffered pain and/or an injury was sufficient by itself to establish 'bodily injury' without the necessity of a medical expert opining or the introduction of medical records.") (citing, Com. v. Lee, 78 MDA 2018, 2019 WL 2407751, at *6 (Pa. Super. June 7, 2019); Com. v. Bartlebaugh, 465 WDA 2017, 2018 WL 1056534, at *2 – 4 (Pa. Super. Feb. 26, 2018)). See also 18 Pa. C.S.A. § 2301 (defining "bodily injury" as "impairment of physical condition or substantial pain.").

Insofar as Petitioner contends there is not sufficient evidence of his mens rea, ECF No. 36 at 4, the factfinder may infer that an actor intends the natural consequences of his actions and Petitioner's actions described by the state courts clearly satisfy this standard. ECF No. 32 at 11 ("[Buxton] was aware that he had Sergeant Rich's arm in a position that he could attempt to injure it. [Buxton] is a large person. He made a sudden maneuver with great force knowing that his actions were likely to cause bodily injury to Sergeant Rich. [Buxton] made the sudden maneuver when he and Sergeant Rich were in a confined area in which Sergeant Rich's ability to move was restricted. [The trial court] believes that these facts amply demonstrate that [Buxton] intentionally and knowingly caused bodily injury to Sergeant Rich while he was performing his duties as a police officer.") (quoting Superior Court Opin. ECF No 16-1 at 30 – 31)).

None of Petitioner's other Objections even merit further discussion. The fact of the matter is Petitioner clearly engaged in an aggravated assault of the police officer victim. This is simply not the type of case worthy of federal habeas relief. <u>Harrington v. Richter</u>, 562 U.S. 86, 102–03 (2011) ("habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.").

Accordingly, IT IS ORDERED this 25th day of February, 2020, after *de novo* review of the record and the Objections and the Report and Recommendation, the Amended Petition for Writ of Habeas Corpus is denied. A certificate of appealability is likewise denied as jurists of reason would not find this disposition to be debatable. The Report and Recommendation, ECF No. 32, as augmented herein is adopted as the opinion of the Court.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge
3

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

All counsel of record via CM-ECF


ANDY BUXTON
MS1885
SCI MERCER
801 Butler Pike
Mercer, PA 16137