IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY BUXTON,  )<br>          Petitioner,  )<br>  )<br>vs.  )<br>  )<br>THE ATTORNEY GENERAL OF THE  )<br>STATE OF PENNSYLVANIA; BRIAN H.  )<br>THOMPSON, Superintendent of SCI-  )<br>Mercer; and DISTRICT ATTORNEY OF  )<br>ALLEGHENY COUNTY,  )<br>  )<br>          Respondents.  ) | Civil Action No. 17-594<br>Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 47 |

## MEMORANDUM ORDER

Currently before this Court is the "Law of the Case Doctrine Motion" filed by Petitioner Andy Buxton ("Petitioner"), ECF No. 47, in which Petitioner complains of purported errors associated with this Court's denial of his petition for writ of habeas corpus on February 25, 2020. See ECF Nos. 32 and 37. For the reasons set forth below, Petitioner's motion will be treated as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and denied.

Petitioner filed his initial petition for writ of habeas corpus on or about May 8, 2017. See ECF Nos. 1 and 2. An amended petition was received on October 3, 2017, and answered by Respondents on November 9, 2017. See ECF Nos. 10 and 16.

On October 18, 2019, the magistrate judge issued a report and recommendation construing the amended petition to raise four distinct grounds for relief, and recommending that the petition be denied. See ECF No. 32. The magistrate judge recommended denying ground one of the petition on the merits, grounds two and three as procedurally defaulted, and ground four as not cognizable in the present petition because it was based on a separate conviction. Plaintiff filed

1

objections on November 4 and December 3, 2019.  ECF Nos. 33 and 36.  On February 25, 2020, this Court adopted the magistrate judge's report and recommendation as its opinion, and denied the petition and a certificate of appealability over Petitioner's objections.  ECF No. 37.

Petitioner appealed, and a certificate of appealability was denied by the United States Court of Appeals for the Third Circuit on July 21, 2020.  See Buxton v. Att'y Gen., No. 20-1562, slip op. (3d Cir. Jul. 21, 2020) (noting, *inter alia*, that Petitioner's "claims concerning alleged hearsay evidence are procedurally defaulted and he has provided no basis to overcome the default[.]").  *En banc* review was denied by the Court of Appeals on August 12, 2020.  Finally, *certiorari* was denied by the United States Supreme Court on October 13, 2020.  Buxton v. Shapiro, -- U.S. --, 141 S. Ct. 598 (U.S. 2020).

In his present filing, Petitioner argues that his petition was "inartfully raised[,]" and that case law allows for ineffective assistance of counsel during the state post-conviction relief proceedings to establish cause in order to overcome procedural default.  ECF No. 47 at 1.  This appears to be directed to this Court's treatment of grounds two and three of the underlying amended habeas petition, which were denied on procedural grounds.  Thus, the present motion appears to qualify as a true Rule 60(b) motion.  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 and 534 (2005).

That said, the issue of Petitioner's procedural default and lack of showing of cause and prejudice based on his counsel's performance in his PCRA proceeding already were addressed in detail by the magistrate judge in the report and recommendation.  See ECF No. 32 at 20-23; see also, e.g., id. at 23 ("[Petitioner] cannot establish either prejudice from his trial counsel's failure to object to the alleged hearsay statement in his bench trial that Petitioner suffered a torn rotator

cuff, nor can he establish that the alleged error of the trial court in permitting the police officer victim's un-objected to statement caused him prejudice.").

Moreover, Petitioner's instant motion reiterates the arguments raised in his objections to the report and recommendation.  See ECF No.36 at 4-5.  These arguments also were raised in Petitioner's petition for rehearing *en banc* before the Court of Appeals, in which he also alludes to Martinez v. Ryan, 566 U.S. 1 (2012), which discusses cause and prejudice in the context of ineffective assistance of counsel at a state post-conviction relief proceeding.  See Buxton v. Att'y Gen., No. 20-1562 (3d Cir. 2020), ECF Nos. 15 and 16.

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order or proceeding.  It does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Parker v. Hendricks, No. CV 03-0914 (SRC), 2016 WL 1060413, at *2 (D.N.J. Mar. 17, 2016) (internal quotes and citation omitted).  See also Balter v. United States, 410 F. App'x 428 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

Here, Petitioner seeks nothing more than to rehash issues previously raised - and addressed by - this Court and the Court of Appeals.  Petitioner provides no new basis or extraordinary circumstances for doing so.  See, e.g., Cox v. Horn, 757 F.3d 113, 123 (3d Cir. 2014) (noting that the circumstances warranting 60(b) relief would "rarely occur in the habeas context[.]") (quoting Gonzalez, 545 U.S. at 535).  Accordingly, relief under Rule 60(b) is not warranted, and will be denied.

Additionally, a certificate of appealability will be denied, as jurists of reason could not debate that Petitioner is not entitled to relief under Rule 60(b).  See, e.g., Bracey v. Super't

Rockview SCI, --- F.3d ---- No. 17-1064, 2021 WL 191847, at *6 (3d Cir. Jan. 20, 2021); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    AND NOW, this 22nd day of February, 2021,

    IT IS ORDERED that the "Law of the Case Doctrine Motion" filed by Petitioner, ECF No. 47, be, and the same hereby is, DENIED; and

    IT IS FURTHER ORDERED that a certificate of appealability be, and the same hereby is, DENIED.

                                      s/ David Stewart Cercone
                                      David Stewart Cercone
                                      Senior United States District Judge

cc:    Hon. Maureen P. Kelly

       ANDY BUXTON
       MS1885
       801 Butler Pike
       Mercer, PA 16137