**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDY BUXTON, )<br>             Petitioner, )<br>             )<br>vs. )<br>             )<br>THE ATTORNEY GENERAL OF THE )<br>STATE OF PENNSYLVANIA; BRIAN H. )<br>THOMPSON, Superintendent of SCI- )<br>Mercer; and DISTRICT ATTORNEY OF )<br>ALLEGHENY COUNTY, )<br>             )<br>             Respondents. ) | Civil Action No. 17-594<br>Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No.s 50 & 53 |

## **MEMORANDUM AND ORDER OF COURT**

Currently before this Court is Petitioner Andy Buxton's ("Petitioner") Motion for Reconsideration, ECF No. 50, of this Court's order, ECF No. 49, denying his "Law of the Case Doctrine Motion," ECF No. 47, as a motion for relief from judgment pursuant to Rule 60(b).

The motion for reconsideration cites to correspondence that appears to be from Petitioner's prior PCRA counsel, in which the author thereof instructs Petitioner regarding arguments to raise in objections to denial of the petition in 2019. ECF No. 51-1. This letter was included as an exhibit to Petitioner's motion for counsel, filed on March 5, 2021. See ECF No. 51. Both the motion for reconsideration and the letter at ECF No. 51-1 raise arguments that also were raised in Petitioner's objections to the Report and Recommendation recommending denial of the petition, ECF No. 36 at 4-5, and Petitioner's petition for rehearing *en banc* before the Court of Appeals, Buxton v. Att'y Gen., No. 20-1562 (3d Cir. 2020), ECF Nos. 15 and 16. These arguments also track with those raised in Petitioner's underlying Rule 60(b) motion, for which he seeks reconsideration. ECF No. 47; see also ECF No. 49 at 2-3.

As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. December 18, 2001) (internal quotations omitted).

As with his underlying Rule 60(b) motion, Petitioner again seeks to rehash issues that already have been addressed by this Court and the Court of Appeals. Because this is not the proper use of a motion for reconsideration, the same will be DENIED.

Petitioner's motion for an evidentiary hearing suffers from the same shortcomings. It reflects yet another attempt to rehash matters that have already been considered and adjudicated. Consequently, it must likewise must be denied.

Additionally, to the extent that one is required, a certificate of appealability will be denied, as jurists of reason could not debate that Petitioner is not entitled to relief. See, e.g., Bracey v. Super't Rockview SCI, 986 F.3d 274, 282-83 (3d Cir. 2021); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

AND NOW, this 26th day of March, 2021,

IT IS ORDERED Petitioner's Motion for Reconsideration, ECF No. 50, is DENIED;

IT FURTHER IS ORDERED that Petitioner's Motion for an Evidentiary Hearing, ECF No. 53, is DENIED; and

IT FURTHER IS ORDERED that, to the extent that one is required, a certificate of appealability is DENIED.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc:  The Honorable Maureen P. Kelly
 United States Magistrate Judge

 All counsel of record via CM-ECF

 ANDY BUXTON
 MS1885
 SCI MERCER
 801 Butler Pike
 Mercer, PA 16137